IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| WAYNE GLASGOW, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. 2009/019 |
| v. | ) | |
| | ) | |
| VEOLIA WATER NORTH AMERICA, | ) | |
| OPERATING SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.   INTRODUCTION

This matter is before the Court on Defendant Veolia Water North America Operating Services LLC,'s ("VWNA") Motion to Dismiss, Motion to Strike, and Plaintiff Wayne Glasgow's Motion for Extension of Time *Nunc Pro Tunc* to file his Second Amended Complaint. Following dismissal of his Amended Complaint for failure to state a claim, Plaintiff filed his Second Amended Complaint six days after the Court imposed deadline. Defendant seeks dismissal of Plaintiff's Second Amended Complaint with prejudice on the grounds that it is untimely and that Plaintiff has failed to demonstrate that this untimeliness was due to "excusable neglect." Plaintiff opposes Defendant's Motion to Dismiss and seeks an extension of time, *nunc pro tunc*, to file his untimely Second Amended Complaint.

## II.   BACKGROUND

In his First Amended Complaint ("FAC"), Plaintiff alleges that VWNA engaged in a pattern of race discrimination against its Black West Indian employees, including him, and that as a result he was demoted and ultimately fired. VWNA moved to dismiss Glasgow's FAC for failure to state a claim. On September 21, 2010, the Court dismissed Glasgow's Title VII, intentional and negligent infliction of emotional distress, and Wrongful Discharge Act claims

without prejudice and ordered that he had thirty days to amend his complaint. *See Glasgow v. Veolia Water N. Am., Operating Services, LLC*, 2010 U.S. Dist. LEXIS 99570 (D.V.I. Sept. 21, 2010). Glasgow failed to meet this deadline. On Oct. 26, 2010, five days after Glasgow's Second Amended Complaint ("SAC") was due, VWNA filed this Motion to Dismiss.[1] (Mot. to Dismiss, ECF No. 14) The following day, Glasgow filed his SAC. (Notice of Filing SAC, ECF No. 15)

On December 2, 2010, Glasgow filed his opposition to the Motion to Dismiss. (Pl.'s Opp. to Mot. to Dismiss and Mot. For Extension of Time, ECF No. 21) In his opposition, Glasgow asks for extension to file his SAC under Fed. R. Civ. P. 6(b) on the basis that his failure to meet the Court's deadline was due to a miscommunication between his attorney and her assistant and therefore "excusable neglect." (*See* Aff. of Diane Rawlins, ECF No. 21-1) Glasgow argues that leniency is warranted because he acted in good faith, and that VWNA will not be prejudiced by allowing the untimely SAC.

### III. GLASGOW'S ERROR DOES NOT WARRANT DISMISSAL WITH PREJUDICE

A district court has the inherent power to dismiss a case for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962). Fed. R. Civ. P. 41(b) gives defendants the ability to request this remedy: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, "dismissals with prejudice or defaults are drastic sanctions" and should be granted only in the rarest of cases. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984); *Brunn v. DaimlerChrysler Corp.*, 2007 U.S. Dist. LEXIS 98198, at *10 (D.V.I. Nov. 26, 2007) ("Courts

---

[1] On Nov. 22, 2010, VWNA filed a Motion to Strike Glasgow's SAC under Fed. R. Civ. P. 12(f) on the basis that he failed to move the Court for an extension prior to filing it. (Mot. To Strike SAC, ECF No. 18)

in the Virgin Islands have repeatedly stated that dismissal is a sanction of last resort and should be imposed when all other alternatives have been evaluated and deemed insufficient."). Deciding cases on their merits always remains the Court's primary concern. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) ("[D]ismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits.").

In determining whether dismissal for failure to prosecute is appropriate, courts in this circuit are instructed to consider six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.  These factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited."  *Id*. at 870.  Consideration of the *Poulis* factors amounts to a balancing test, with no single factor being dispositive. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992).

Here, the *Poulis* factors do not weigh in favor of dismissal.  VWNA does not argue that the six day delay was prejudicial, does not claim that Plaintiff himself was responsible or that his counsel acted willfully or in bad faith, does not address alternative sanctions nor the meritoriousness of the SAC.  VWNA's only arguments concerning the *Poulis* factors are that Glasgow's SAC was six days late and that his attorney has a history of dilatoriness.[2]  While it is

---

[2] VWNA's cites Glasgow's failure to attach certain exhibits to an opposition to a prior motion to dismiss and violation of the local rules' page limitations concerning that opposition as evidence

3

undisputed that the SAC was filed six days late, VWNA cites no case where this sort of a delay in filing an amended complaint was the basis for dismissal on failure to prosecute grounds. *Cf. Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984) (finding that "inexcusable" lateness of one or two weeks in meeting four court deadlines is not a "default comparable to *Poulis*").[3]

Furthermore, Plaintiff's submissions indicate that the failure to timely file the SAC was the fault of Plaintiff's counsel, not Plaintiff. This militates against dismissal.[4]  *See Adams v.*

---

of a history of dilatoriness. While the Court does not condone either of these technical violations, they do not demonstrate the sort of "history of dilatoriness" contemplated by *Poulis*. *See Poulis*, 747 F.2d at 865 (finding that plaintiff's failure to propound any discovery or respond to discovery prior to discovery cut-off and filing pre-trial statement 4 weeks late and only after court had *sua sponte* dismissed case with prejudice demonstrated "a consistent delay by plaintiffs' counsel.").

[3] VWNA cites *Berry v. St. Thomas Gas Co.*, 36 V.I. 64 (V.I. Terr. Ct. 1997) in support of its Motion to Dismiss. In *Berry*, however, the court dismissed plaintiff's claims with prejudice only after the plaintiff failed to respond to a single discovery request for over two years despite repeated requests from the defendant and orders from the court:
> No amount of letters or court orders seemingly could dislodge plaintiff from his culpable and obstructionist posture . . . From the inception of this action, plaintiff has failed to comply with defendant's most rudimentary and fundamental requests for various types of discovery. The Court finds that plaintiff's failure to comply with discovery is tantamount to "bad faith" . . . The unavoidable conclusion is that plaintiff and his counsel were disconcertingly contumacious in their failure to respond to the Court's order within a reasonable time, and their conduct warranted dismissal of this action.

*Id*. at 69-70. The dilatoriness in this case is nowhere close to that in *Berry*.

[4] Citing *Yeates v. Marsden*, 2001 U.S. Dist. LEXIS 21202 (N.D. Tex 2001), Defendant argues that dismissal is warranted because Plaintiff is responsible for the mistakes of his counsel. In *Yeates*, the plaintiff failed to respond to an order requiring him to hold a discovery conference with the defendant, even after being contacted twice by the defendant to schedule the meeting. *Id*. at *2. After over a year of inaction, the district court dismissed the case without prejudice for failure to prosecute. Yeates moved to reopen the case on the grounds that the court orders had been mailed to the wrong address. *Id*. In denying the motion, the court noted that "the United States Supreme Court has long held that a client is responsible for the mistakes of their counsel, 'no matter how 'unfair' this may seem on occasion.'" *Id*. at *9, n.1 (quoting *Pryor v. United States Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985)). However, the primary basis for the denial of Yeates' motion to reopen the case was that his counsel's failure to even investigate the missing orders for over fifteen months after being informed of them by opposing counsel was not "excusable neglect." *Id*. at *8.  Here, in contrast to the fifteen months in Yeates, counsel discovered and attempted to correct the error six days after it occurred.

*Trustees of New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 873 (3d Cir. 1994) ("Although a party may justly suffer dismissal because of his counsel's unexcused conduct . . . we have increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault.") (internal quotations and citations omitted); *Brunn*, 2007 U.S. Dist. LEXIS 98198, at *5-6 ("[A] litigant's potentially meritorious claim is not to be dismissed in the absence of evidence that the litigant bears at least some personal responsibility, even where the attorney's actions are flagrant.") (citations omitted); *see also Betty K. Agencies, LTD. V. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005) ("[T]he harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable.") (citation omitted). Accordingly, VWNA's Motion to Dismiss is denied.

### IV.    GLASGOW'S FAILURE TO TIMELY FILE THE SAC WAS EXCUSABLE NEGLECT

Recognizing that he failed to timely file his SAC, in his opposition to VWNA's Motion to Dismiss, Glasgow moves the Court under Fed. R. Civ. P 6(b) for a *nunc pro tunc* extension of time.[5]  Fed. R. Civ. P. 6(b)(1)(B) states that "[w]hen an act may or must be done within a

---

[5] Glasgow can only obtain an extension under Rule 6(b)(1)(B) through a "formal motion." *See Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010) ("Rule 6(b) and *Lujan* require motions, untimely under the Rules, to be filed in accordance with the requirements of Rule 6(b)(1)(B). Thus a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely motion." (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990) and *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993))). Glasgow's opposition to VWNA's Motion to Dismiss was captioned "Plaintiff's Response to Defendant's Motion to Dismiss and Motion for Extension of Time" and included a section specifically addressing his failure to timely file the SAC and "excusable neglect" under Rule 6(b)(1).  Furthermore, it is clear from VWNA's reply brief that it understood that Glasgow was seeking an extension under Rule 6(b)(1)(B). While the better practice would have been for Plaintiff to file a separate motion for an extension, the Court finds that Plaintiff has complied with *Lujan*'s formal motion requirement. *Cf. Lujan*, 497 U.S. at 896, n.5 (finding that request for extension placed "in a single sentence at the end of the first paragraph of one of the 18 single-spaced footnotes in a 20-page memorandum of law" did not comply with Rule 6(b)'s motion requirement).

specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The phrase "excusable neglect" "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer,* 507 U.S. at 388. The "excusable neglect" inquiry is broad: "determining whether neglect is excusable is an 'equitable' determination that 'takes account of all relevant circumstances surrounding the party's omission.'" *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) (quoting *Pioneer,* 507 U.S. at 395). Plaintiff shoulders the burden of demonstrating "excusable neglect." 10 Wright & Miller, Federal Practice and Procedure: Civil § 1165 at 621-22 (indicating that the burden is on movant for relief under Rule 6(b) to show both "cause" and "excusable neglect").

In *Pioneer*, the Supreme Court articulated four "excusable neglect" factors: "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395; *see Drippe*, 604 F.3d at 785 (holding that the *Pioneer* factors apply to motions under Fed. R. Civ. P. 6(b)). The Court may also consider other factors, including the procedural circumstances surrounding the extension request and the repercussions of not granting relief. *See, e.g.*, *Coady v. Aguadilla Terminal, Inc.*, 456 F.2d 677, 678 (1st Cir. 1972) ("What is excusable neglect should depend in part *upon the importance of the matter involved* and the prejudice, if any, to the other party." (emphasis added)); *Coast to Coast Health Care Services, Inc. v. Meyerhoffer*, 2011 WL 2442656, at *7 (S.D. Ohio, 2011) (". . . in this context, where the denial of a motion made pursuant to Rule 6(b) would possibly result in the entry of a default or default judgment, the

excusable neglect standard must be colored by the policy of the federal courts favoring resolution of actions on their merits.").

In this case, the Court finds that, while a close call, Plaintiff has demonstrated excusable neglect sufficient to warrant an extension under Rule 6(b)(1)(B). Glasgow's reason for filing late is a "miscommunication" between his counsel and his counsel's staff. This sort of error was in the Plaintiff's control; he is not a victim of uncontrollable circumstance. When similar "clerical error" reasons have been given in other Rule 6(b) contexts, this Court has denied relief. *See, e.g., Banco Popular de P.R. v. Frett*, 2010 U.S. Dist. LEXIS 126283, at *4-6 (D.V.I. Nov. 30, 2010) (holding plaintiff's "clerical error and/or oversight" not excusable neglect); *Thomas v. Rijos*, 2011 U.S. Dist. LEXIS 47057 at *36 (D.V.I. Apr. 29, 2011) (affirming Magistrate Judge's finding that "counsel was busy with other cases" was not excusable neglect for Rule 6(b)(1)(B) purposes).

Even though the reason for delay factor weighs against a finding of excusable neglect, it is not dispositive: "[E]xcusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer*, 507 U.S. at 394; *see also Avon Contractors, Inc. v. Secretary of Labor,* 372 F.3d 171, 174 (3d Cir. 2004) ("[T]he 'control' factor does not necessarily trump all the other relevant factors."). Here, the other three *Pioneer* factors counterbalance Glasgow's negligence. Plaintiff did not act in bad faith; the delay was not the result of intentional conduct and was remedied immediately. *See Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988) (diligence of movant relevant to excusable neglect inquiry). Second, VWNA does not assert that it was prejudiced by the delay. Third, the length of delay – six days – was short and does not support a finding of harm to the judicial proceedings. This is especially true where, as here, discovery has not yet been scheduled and

7

granting the extension will not require rescheduling future proceedings. *See, e.g.*, *Coady*, 456 F.2d at 678-79 (finding that the "delay in filing a cost bond, where no other action had taken place, is so insignificant and so unprejudicial in any sense, that we think in justice it should be excused."); *Perry-Bey v. City of Norfolk*, 679 F. Supp. 2d 655, 659 (E.D. Va. 2010) ("[A] short delay occurring before a trial date has even been scheduled is not likely to significantly prejudice Defendant."); *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 56 (E.D.N.Y. 2008) (holding delay of one month when discovery had not begun did not prejudice defendant); *Soltysiak v. UNUM Provident Corp.*, 480 F. Supp. 2d 970, 973 (W.D. Mich. 2007) (holding one day delay did not prejudice opposing party's case).

Finally, Glasgow's negligence is mitigated by the procedural circumstances surrounding the motion for an extension. *Coady*, 456 F.2d at 678 ("What is excusable neglect should depend in part upon the importance of the matter involved . . . ."); *Coast to Coast Health Care Services, Inc.*, 2011 WL 2442656, at *7 (finding that where denial of 6(b) motion would result in dismissal of plaintiff's claims, the "excusable neglect standard must be colored by the policy of the federal courts favoring resolution of actions on their merits."). Denying Glasgow's motion for an extension is tantamount to granting VWNA's Motion to Dismiss. The six day delay in filing the SAC does not warrant dismissal of Glasgow's claims with prejudice. The policy of resolving actions on the merits combined with the shortness of the delay, lack of prejudice to the Defendant, and Plaintiff's good faith militate toward a finding of excusable neglect. Accordingly, Glasgow's motion for an extension of time is granted. His SAC will be treated as if filed on the date of this order.[6]

---

[6] VWNA's Motion to Strike is based on the premise that the SAC was filed without leave of the Court. Because the Court grants Plaintiff's motion for an extension to file the SAC, the Court denies VWNA's Motion to Strike.

8

## V. CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that Defendant's Motion to Strike is **DENIED**;

**ORDERED** that Defendant's Motion to Dismiss for failure to prosecute is **DENIED**;

**ORDERED** that Plaintiff's Motion for Extension of Time to file his Second Amended Complaint is **GRANTED**;

**ORDERED** that the SAC is filed as of the date of the Order.

**ENTERED:**

Dated: August 5, 2011            _____/s/_____
                                 RAYMOND L. FINCH
                                 SENIOR U.S. DISTRICT JUDGE